**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Timothy M. O'Mara

    v.                                                08-cv-51-SM

Superintendent, Hillsborough County
Department of Corrections, et al.

**O R D E R**

    Pro se plaintiff Timothy M. O'Mara brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging various constitutional deprivations in violation of his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution (document nos. 1 and 8).  Named as defendants are William Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC"), Toni Pappas, Commissioner of Hillsborough County, the Hillsborough County Department of Corrections ("HCDOC"), and the following HCDOC employees: James M. O'Mara, Jr., Superintendent; Linda Norman, bookkeeper; C. Beaudon, mail agent; and corrections officers D. Dionne, Robbins, Pinciaro, Riley, Brown, Granville, W. Raymond, W. Scurry, William McDougall, Tony Sawer and Menic.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated in the report and recommendation issued simultaneously herewith, I conclude that O'Mara has alleged the following claims:

(1) Fourteenth Amendment claims arising from inhumane cell conditions against O'Mara, Dionne, Brown and Menic;

(2) Sixth and Fourteenth Amendment claims arising from interference with the right to attorney-client communications and the right to access the courts against Norman, Beaudon, Pinciaro and Robbins;

(3) Fourteenth Amendment due process claims arising from O'Mara's confinement in administrative segregation against Raymond, McDougall, Scurry and Sawer; and

(4) related municipal liability claims against the HCDOC.

I have recommended dismissal of all remaining claims.

In addition, I have recommended that O'Mara's motion to appoint counsel (document no. 3), motion for transfer (document no. 7) and motion to be released from administrative segregation (document no. 4) be denied.  I have further recommended that a preliminary injunction hearing be scheduled with regard to O'Mara's claims arising from his administrative segregation.

As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint be served on the defendants.

Accordingly, I order the complaint (document nos. 1 and 8) served on defendants O'Mara, Dionne, Brown, Norman, Beaudon, Pinciaro and Robbins.  My review of the file indicates that plaintiff has filed summons forms for O'Mara, Dionne, Brown, Norman, Beaudon, Pinciaro and Robbins but has not filed summons forms for defendants HCDOC, Menic, Raymond, McDougall, Scurry and Sawer.

I hereby direct the Clerk's Office to provide plaintiff with summons forms for defendants HCDOC, Menic, Raymond, McDougall, Scurry and Sawer.  Plaintiff must return the completed summons forms to the Clerk's office within thirty days of the date of this order.  Upon receipt of the completed summons forms, and immediately for the completed summons forms already in the court's file, the Clerk's office is directed to issue the summons forms and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses, copies of the complaint (document nos. 1 and 8), the report and recommendation and this order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service

upon the defendants.  See Fed. R. Civ. P. 4(c)(2).

Defendants shall answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 17, 2008

cc:   Timothy M. O'Mara, pro se