**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Timothy M. O'Mara</u>

     v.                                                                                        08-cv-51-SM

<u>Superintendent, Hillsborough County
Department of Corrections, et al.</u>

**REPORT AND RECOMMENDATION**

Pro se plaintiff Timothy M. O'Mara moves for reconsideration (document no. 13)[1] of my report and recommendation (document no. 10), recommending dismissal of certain claims raised in his civil rights action filed pursuant to 42 U.S.C. § 1983. Named as defendants are William Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC"), Toni Pappas, Commissioner of Hillsborough County, the Hillsborough County Department of Corrections ("HCDOC"), and the following HCDOC employees: James M. O'Mara, Jr., Superintendent; Linda Norman, bookkeeper; C. Beaudon, mail agent; and corrections officers D. Dionne, Robbins, Pinciaro, Riley, Brown, Granville, W. Raymond, W. Scurry, William McDougall, Tony Sawer and Menic.

O'Mara challenges the dismissal of the following claims: (1)

---

[1] I liberally construe O'Mara's request for reconsideration as an objection to my report and recommendation of July 17, 2008.

Fourteenth Amendment claim arising from the denial of adequate out-of-cell and recreation time; (2) Fourteenth Amendment claim arising from the manner and condition in which he was served food; (3) First and Fourteenth Amendment claims arising from the alleged interference with his mail, legal documents and access to the courts; and (4) Fourth and Fourteenth Amendment claims arising from unreasonable searches and seizures and the deprivation of personal property.

I find O'Mara's objection to be meritorious with regard to one claim: the Fourteenth Amendment claim premised upon the denial of out-of-cell and recreation time.  Accordingly, for the reasons stated below and by separate order issued simultaneously herewith, I order that claim to be answered by defendants O'Mara and Dionne.  With regard to the remaining claims, nothing in O'Mara's motion has altered the analysis set forth in my previous report and recommendation.  I therefore recommend that his motion be denied as to the remaining claims.

## Discussion[2]

---

[2] The factual background and analysis of O'Mara's claims are discussed in my report and recommendation of July 17, 2008.

I.  Denial of Adequate Out-of-Cell
    Time and Recreation Time

In his original complaint, O'Mara alleged that while he was housed in the protective custody unit as a pretrial detainee, defendants denied him adequate out-of-cell and recreation time. From June 20, 2007 to the present, he allegedly was afforded only two hours a day of out-of-cell time, which purportedly was allocated into less-than-one-hour intervals.  From June 20, 2007 to November 11, 2007, he allegedly lost nine to eleven hours of out-of-cell time each week.  He further alleged that when he was confined on Unit 1C for a period of thirty days, he was denied any opportunity to exercise.  He allegedly reported the deprivations to Superintendent O'Mara and Dionne, however, they failed to remedy the problem or take adequate corrective action.

In his motion for reconsideration of the report and recommendation, O'Mara clarifies that from November 11, 2007 to June 23, 2008, he was denied any opportunity to exercise out of his cell.  He further clarifies that he was "locked in a cell 22 hours a day" and was subjected to double-celling for a period of seven months.  In addition, he alleges that the denial of adequate out-of-cell and recreation time has adversely affected his mental well being and has caused him to suffer psychological or physical problems, including headaches, muscle soreness, skin

3

infections, dizziness, weight loss and loss of vision and hair. He adds that the deprivations have exacerbated his pre-existing and diagnosed bipolar disorder and suicidal tendencies.  Lastly, he broadly alleges that he has been denied medication.[3]

O'Mara's complaints of being denied adequate out-of-cell time and recreation time for a significant period of time, combined with his allegations of resulting psychological and physical problems, allege deprivations sufficiently extreme to establish a cognizable constitutional claim.  See Thomas v. Ramos, 130 F.3d 754, 763 (7th Cir. 1997) (holding that lack of exercise may rise to an Eighth Amendment violation in limited circumstances where movement is denied, muscles are allowed to atrophy and the inmate's health is threatened); Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996)(holding that "[l]ack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened" (inmate denied recreation for periods of up to seven weeks in succession)); Keenan v. Hall, 83 F.3d 1083, 1089-91 (9th Cir. 1996)(holding that denial of all

---

[3]To the extent O'Mara intends to allege a claim premised upon the denial of adequate medical care and/or mental health care, he should amend his complaint to identify the medications and care denied, the period of time at issue and the defendants responsible for the alleged deprivations.

4

out-of-cell exercise time and denial of personal hygiene items states a constitutional violation); <u>Anderson v. Romero</u>, 72 F.3d 518, 527 (7th Cir. 1995) (identifying the denial of all opportunity for out-of-cell exercise as a possible Eighth Amendment violation); <u>Conyers v. Michigan Department of Corrections</u>, No. 5:06-CV-100, 2006 WL 2644990, at *6 (W.D. Mich. Sept. 14, 2006)(holding that "Eighth Amendment standards entitle prisoners to exercise sufficient to maintain reasonably good physical and mental health."). Accordingly, I conclude that he has alleged cognizable Fourteenth Amendment claims premised on the denial of out-of-cell and recreation time against O'Mara and Dionne.[4]

## Conclusion

For the reasons stated above, I find O'Mara's motion to be meritorious with regard to one claim: the Fourteenth Amendment claim premised upon the denial of out-of-cell and recreation time. Accordingly, by separate order issued simultaneously herewith, I direct that claim to be answered by defendants O'Mara

---

[4] Because O'Mara was a pretrial detainee at all times relevant to this action, his claims challenging the conditions of his confinement are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. <u>See</u> <u>Burrell v. Hampshire County</u>, 307 F.3d 1, 7 (1st Cir. 2002) (holding that pretrial detainees are protected under the Fourteenth Amendment Due Process Clause, rather than the Eighth

and Dionne.  With regard to the remaining claims, nothing in O'Mara's motion has altered the analysis set forth in my previous report and recommendation.  I therefore recommend that his objection be denied as to the remaining claims.

If this recommendation is approved, the claims as identified in this and my prior report and recommendation will be considered for all purposes to be the claims raised in the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: October 21, 2008

cc:   Timothy M. O'Mara, pro se