UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Timothy M. O'Mara

    v.                                                Civil No. 08-cv-51-SM

Hillsborough County Department
of Corrections,
Superintendent, et al.


**O R D E R**

Defendants move to compel further answers to interrogatories claiming some answers were inadequate. Plaintiff did not respond. Each contested interrogatory is considered in turn.

Interrogatory #1. Defendant complains that plaintiff did not "provide his education, fields of employment, and last job/employer." Plaintiff is ordered to supplement to identify:

    a. What school he went to in 11th grade;

    b. His last job/employer prior to his 2002 disability.

Interrogatory #2. Description of physical altercations and verbal exchanges. Defendants have failed to show any relevance or likelihood that the information would lead to admissible evidence. Denied.

Interrogatory #3. Describe every arrest, crime charge, stop

or detention.  Denied as overbroad and irrelevant.  This is not the stuff of Rule 609 impeachment and has nothing to do with the case.  It is abusive in the context of a pro se plaintiff.  Next time I see this question it will cost counsel a fine.

Interrogatory #4.  Civil claims, including divorce and administrative proceeding.  Irrelevant, overbroad and abusive.  Denied.

Interrogatory #6.  Denied.  Take his deposition.

Interrogatory #7.  Denied as his answer clearly incorporates his medical records, which are in defendant's custody.

Interrogatory #8.  Unless defendants provide him with copies of his complaint and his motions to amend, they must rely on them.  Denied.

Interrogatory #9.  Defendant is ordered to supply copies of all grievances and requests and seek plaintiff's confirmation of them.  Otherwise denied.

Interrogatory #11.  Employers from seven years back are irrelevant.  Denied.

Interrogatory #12.  Provide plaintiff a copy of his inmate file.  Plaintiff is then ordered to answer the question.

Interrogatory #15.  Provide him the disciplinary reports.

Plaintiff is then ordered to answer the question.

Interrogatory #16.  Plaintiff cannot be compelled to answer what he doesn't know.  Denied.

Interrogatory #17.  Plaintiff states "Mr. O'Mara was aware . . .."  Plaintiff is ordered to answer what it was that Mr. O'Mara should have done.  Granted in part, denied in part.

Interrogatory #19.  If plaintiff maintained copies of his correspondence, he is to provide a copy of each one except those mailed to N.H. Legal Assistance, NH Public Defenders, ACLU or NH ACLU, which I presume to be privileged.  If he kept no copies, he is ordered to provide his best recollection.

Interrogatory #20.  Denied.  This is overbroad.

Interrogatory #21.  Denied except as to felonies and misdemeanors involving an element of dishonesty or false statement, only as to those convictions within the last ten (10) years.  Plaintiff is to provide his best recollection.

Interrogatory #24.  Denied as grossly overbroad.

The motion (document no. 43) is granted in part and denied in part.  Counsel would do well to reread N.H. Rules of Professional Conduct Rule 3.4 and the New Hampshire Bar Association Litigation Guidelines 7.A or be prepared to write a

big check if she serves any more abusive interrogatories.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: June 18, 2009

cc:   Timothy M. O'Mara, *pro se*
       John A. Curran, Esq.
       Elizabeth L. Hurley, Esq.