UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Timothy M. O'Mara</u>,
     Plaintiff

     v.                              Civil No. 08-cv-51-SM
                                             Opinion No. 2009 DNH 172
<u>David Dionne; Carl Brown;</u>
<u>Jeremy Menec; Tony Sawyer;</u>
<u>William McDougall; Willie Scurry;</u>
<u>William Raymond; James O'Mara,</u>
<u>individually, and as Superintendent</u>
<u>of the Hillsborough County</u>
<u>Department of Corrections; and</u>
<u>Hillsborough County Department</u>
<u>of Corrections</u>,
     Defendants

# **O R D E R**

     <u>Pro se</u> plaintiff Timothy O'Mara challenges the conditions of his confinement as a pre-trial detainee in the Hillsborough County House of Corrections. 42 U.S.C. § 1983. His case consists of: (1) a Fourteenth Amendment claim alleging inhumane cell conditions; (2) a Fourteenth Amendment claim challenging the process by which he was placed in administrative segregation; and (3) related municipal-liability claims against the Hillsborough County Department of Corrections under the doctrine established in <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). Before the court is defendants' third motion for summary judgment. Plaintiff objects. For the reasons given, defendants' summary judgment motion is granted.

## Summary Judgment Standard

A summary judgment motion should be granted when the record
reveals "no genuine issue as to any material fact and . . . the
moving party is entitled to a judgment as a matter of law." FED.
R. CIV. P. 56(c).  "The object of summary judgment is to 'pierce
the boilerplate of the pleadings and assay the parties' proof in
order to determine whether trial is actually required.' " Dávila
v. Corporación de P.R. para la Diffusión Pública, 498 F.3d 9, 12
(1st Cir. 2007) (quoting Acosta v. Ames Dep't Stores, Inc., 386
F.3d 5, 7 (1st Cir. 2004)).  "[T]he court's task is not to weigh
the evidence and determine the truth of the matter but to
determine whether there is a genuine issue for trial." Noonan v.
Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009) (citations and
internal quotation marks omitted).  When ruling on a party's
motion for summary judgment, a trial court "constru[es] the
record in the light most favorable to the nonmovant and
resolv[es] all reasonable inferences in [that] party's favor."
Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009)
(citing Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d
32, 38 (1st Cir. 2002)).

## Background

The relevant factual and procedural background is set out in
the court's recent summary judgment order (document no. 61).

**Discussion**

A.  Cell Conditions

O'Mara first claims that defendants "served [him] meals on
food trays that were rusted, cracked and filled with contaminated
water, mold and mildew [and that] after eating food served on
these trays, O'Mara allegedly experienced digestive problems,
stomach pain, diarrhea and headaches."  (Report & Recommendation
(document no. 10), at 12.)  Defendants argue that they are
entitled to summary judgment on O'Mara's cell-conditions claim
because the food-tray allegations are insufficient, as a matter
of law, to support a conditions-of-confinement claim, and because
the undisputed factual record demonstrates that O'Mara did not
suffer from, or complain about, physical symptoms resulting from
moldy food trays.  O'Mara does not address the food-tray issue in
his objection to summary judgment.  Defendants' second argument
is dispositive.

Defendants have produced O'Mara's entire Department of
Corrections medical record.  While he made liberal use of the
health care services available to him, his records include only
one reference that might be construed as related to the food-tray
issue — a January 2, 2008, Health Services Request form in which
he complained: "I'm having dizzy spells, nausea, throwing up,
sweats, I feel very weak, hands shaky, room spins when I lay on

3

my back.  Headache (left side)."  (Defs.' Third Mot. Summ. J.,
Ex. E (document no. 62-8), at 41.)  But, plaintiff has produced
no evidence of any causal connection between his physical
complaints and the food-tray conditions alleged.  In short, there
is no triable issue of fact concerning his allegation that he was
sickened by contaminated food trays.  Given the undisputed
factual record, defendants are entitled to judgment as a matter
of law on O'Mara's conditions-of-confinement claim.


B.  Placement in Administrative Segregation

        O'Mara's second ground for relief is a "Fourteenth Amendment
due process claim[ ] arising from O'Mara's confinement in
administrative segregation."  (Report & Recommendation, at 35.)
The Magistrate Judge further described that claim:

>       The hearing and processes employed by defendants
>       allegedly failed to provide O'Mara with due process
>       prior to being classified to administrative
>       segregation.  Afterwards, O'Mara allegedly was denied
>       any right to appeal.  He further claims that defendants
>       placed him in administrative segregation in reprisal
>       for his filing of a civil action against them and,
>       therefore, that their actions were not impartial.

(Id. at 29 (emphasis added).)  Defendants argue that they are
entitled to summary judgment on O'Mara's due-process claim

4

because, in essence, they provided O'Mara even more process than he was due under the circumstances.[1]

While the magistrate judge, construing the <u>pro se</u> complaint liberally, identified pre-hearing process as an issue in this case, plaintiff conceded in open court that he is not complaining about a lack of pre-hearing notice.  And, in any event, defendants have produced a Notice of Classification Hearing provided to O'Mara on February 14, 2008, five days before his classification hearing, (see Defs.' Mot. Summ. J., Ex. D (document no. 62-6), which plainly meets the notice requirement described in <u>Wolff</u>, <u>see</u> 418 U.S. at 564.  O'Mara complains, instead, about an alleged denial of his right to appeal the February 19, 2008, classification decision.

There are several problems with O'Mara's claim.  First, while the right to appeal a classification decision is described in the Hillsborough County Department of Corrections Inmate Handbook (<u>see</u> Defs.' Renewed Mot. Summ. J. (document no. 54), Ex. G., at 7), and the Deparatment's Policies and Procedures (<u>see</u>

---

[1] In so arguing, defendants contend that because placement in administrative segregation was not a punishment, O'Mara was not entitled to the incidents of due process outlined in the court's previous order and described in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974).  It is not necessary to decide that legal issue in order to resolve this case.

Defs.' Third Mot. Summ. J., Raymond Aff., Attach. § VI), that right does not appear to be one of constitutional dimension.  <u>See</u> <u>Wolff</u>, 418 U.S. at 564-71.  Second, it is undisputed that O'Mara did, in fact, appeal the February 19 decision, and that his appeal was granted in part.  Accordingly, in his objection to summary judgment, O'Mara abandons the argument that he was denied any right to appeal, but argues, instead, that he was apprised of that right in an untimely fashion.  But, the right to appeal classification decisions is set out in the Inmate Handbook and so, O'Mara had at least constructive notice of his appeal right long before his classification hearing.  In sum, the undisputed factual record demonstrates that O'Mara received all the process he was due, if not more.  Thus, defendants are entitled to judgment as a matter of law on O'Mara's due-process claim.


C.  Claim Three: <u>Monell</u> Liability

     Because the individual defendants have prevailed on all of the claims against them, the Hillsborough County Department of Corrections is necessarily entitled to judgment as a matter of law on O'Mara's <u>Monell</u> claim.


**Conclusion**

     For the reasons given, defendants' third motion for summary judgment (document no. 62) is granted.  The clerk of the court

shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 9, 2009

cc:  Timothy M. O'Mara, <u>pro</u> <u>se</u>
     John A. Curran, Esq.
     Elizabeth L. Hurley, Esq.